## Commonwealth v. Snyder

*J. Francis Yake, Jr.*, district attorney, for Commonwealth.

*Witmer & Rice* and *Donald P. McPherson, Jr.*, for defendant.

SHEELY, P. J., March 9, 1942. — Defendant has appealed from the judgment of a justice of the peace adjudging him guilty of violating section 3 of the Act of July 19, 1935, P. L. 1356, 76 PS §344, as amended by the Act of June 24, 1941, P. L. 152. The specific charge was that he did "wilfully and unlawfully start for delivery a load of solid fuel without it being accompanied by legal weight certificates, in that defendant did, on September 17, 1941, in County of aforesaid, have a truck load of solid fuel divided into three compartments having only one weight certificate for same in violation . . ." The principal question is whether defendant is charged with an offense within the County of Adams.

The statute which defendant is alleged to have violated was enacted "To regulate the sale and delivery of solid fuel". Section 3 thereof provides that "No person, upon the sale or purchase of solid fuel, shall deliver or cause to be delivered, or to be started out for delivery, any solid fuel" without weight certificates as therein provided. The acts which are prohibited by the statute are the delivery, and the causing to be delivered, or to be started out for delivery, of solid fuel without the necessary weight certificates. Causing to be delivered, or to be started out for delivery, makes the principal or master liable when the actual delivery is made by an agent or a servant. The "delivery" necessarily means delivery to the purchaser, which can occur only at the destination of the coal, while the starting out for delivery can occur only at the source from which the delivery is made, whether it be the mine, the coal yard, or other place. See Commonwealth v. Troanovitch, 25 D. & C. 471 (1936).

The offense provided for in section 3, therefore, cannot occur in a county through which a coal truck merely passes after starting out for delivery and before actual delivery. There is nothing in the statute which attempts to prohibit the transportation or possession of solid fuel without accompanying weight certificates. Compare section 903 of The Vehicle Code of May 1, 1929, P. L. 905, 75 PS §453.

The section referred to is penal and must be construed strictly: Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 58, 46 PS §558; Commonwealth v. Exler, 243 Pa. 155 (1914). To construe the statute so as to make it unlawful merely to have in possession a truck load of solid fuel without proper weight certificates would do violence to the language of the statute.

The conclusion reached is in harmony with the title to the statute which states the purpose: "To regulate the sale and delivery of solid fuel": not the transpor-

tation thereof. It is also in harmony with section 5, which authorizes any State, county, or city inspector of weights and measures who "finds any quantity of solid fuel ready for or in process of delivery" to inspect the same for weight and to direct the person "in charge of the delivery" to convey it to the nearest scales, and to return to such scales "forthwith upon unloading the solid fuel" in order to determine the net weight of the coal actually delivered. In the present case the coal was started out for delivery in Northumberland County, and its destination was Baltimore, Md. It cannot be contended that the statute contemplated that an inspector of weights and measures in any county through which the truck passed could weigh the truck and cause the driver to return to that county after delivery of the coal for the purpose of having the empty truck weighed.

We conclude that the mere operation of a truck loaded with coal, without the necessary weight certificates, through a county where the coal had not been stored, and in which it is not intended to deliver the coal, is not an offense under section 3 of the Act of July 19, 1935, P. L. 1356, as amended.

And now, March 9, 1942, the information against Albert Snyder is quashed.